UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 20-cv-62637-BLOOM/Valle

MELANIE BURKE,

    Plaintiff,

v.

WRIGHT NATIONAL FLOOD
INSURANCE COMPANY,

    Defendant.

_____/

**ORDER ON MOTION FOR EXTENSION OF TIME
TO PROPOUND DISCOVERY AND FILE EXPERT DISCLOSURES**

**THIS CAUSE** is before the Court upon Plaintiff Melanie Burke's ("Plaintiff" or "Burke") Motion for Extension of Time to Propound Discovery and File Expert Disclosures, ECF No. [16] ("Motion"), filed on October 21, 2021. After the Court ordered an expedited response, *see* ECF No. [17], Defendant Wright National Flood Insurance Company ("Defendant" or "Wright") filed its Response in Opposition, ECF No. [18]. The Court has carefully considered the Motion and Response, the record in this case, the applicable law, and is otherwise fully advised. For the reasons that follow, the Motion is denied.

This case alleging breach of an insurance contract arises from water damage sustained at Plaintiff's residence, which was insured under a policy issued by Defendant. *See generally* ECF No. [1]. In the Complaint, Plaintiff alleges that a large rainstorm caused significant structural and other damages, along with physical changes to the residence when the crawl space, subfloor, and unit flooded from rainwater. *Id.* ¶ 12. According to the Complaint, Wright breached the insurance policy by failing to promptly and fairly adjust Plaintiff's claim, reach agreement with Plaintiff

regarding the covered damages, and pay the full amount of Plaintiff's losses. *Id*. ¶ 28. As such, Plaintiff asserts one count of breach of contract against Defendant. Defendant denied the allegations in paragraphs 12 and 28 of the Complaint and asserted various defenses. *See generally* ECF No. [8].

On March 11, 2021, the Court entered its Scheduling Order, ECF No. [11], setting a deadline of October 5, 2021 for the completion of all discovery, including expert discovery. The parties attended mediation on October 13, 2021. *See* ECF No. [14]. In the Motion, Plaintiff asserts that she became aware at mediation, for the first time, that Defendant is contesting any damage to the substrate and/or subfloor, underlayment, and joists of the foundation of the insured property, which contradicts Plaintiff's prior understanding based on Defendant's estimate. *See* ECF No. [16-1]. According to Plaintiff, she believed that coverage was uncontested and only the scope of damage was contested. As such, Plaintiff did not find it necessary to involve an engineer. Plaintiff now believes she needs to engage an engineer and conduct further discovery. She therefore requests, pursuant to Rule 6(b) of the Federal Rules of Civil Procedure, that the Court extend the discovery period for sixty days and extend the remaining deadlines in this case.

Defendant opposes the request, arguing that Plaintiff fails to show the requisite good cause, and that her contention that she was not aware of Wright's defenses is without merit. Upon review, the Court agrees with the Defendant.

Pursuant to Rule 6(b), "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). Furthermore, under the Federal Rules of Civil Procedure, district courts are required to enter a scheduling order that limits the time for discovery. *See* Fed. R. Civ. P. 16(b)(3)(A). Scheduling orders may be modified

only "for good cause and with the judge's consent." *See id.* at R. 16(b)(4). "This good cause standard precludes modification unless the schedule cannot be met despite the diligence of the party seeking the extension." *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998) (quoting Fed. R. Civ. P. 16 advisory committee's note) (quotations omitted).

If Plaintiff's Motion had been filed before expiration of the discovery deadline in the Scheduling Order, the Court would properly consider whether her failure to act was due to excusable neglect. However, because Plaintiff is seeking the extension of a Scheduling Order deadline after its expiration, the Court must consider whether Plaintiff has shown good cause for the requested extension. *See id.* at 1419 ("If we considered only Rule 15(a) without regard to Rule 16(b), we would render scheduling orders meaningless and effectively would read Rule 16(b) and its good cause requirement out of the Federal Rules of Civil Procedure."). Here, based upon the record, Plaintiff has failed to show either good cause or excusable neglect.

Attached to the Motion, Plaintiff provides an excerpt from an estimate dated January 9, 2020, itemizing both the removal and replacement of subflooring. *See* ECF No. [16-1]. However, Defendant has provided an Engineering Report prepared by its disclosed expert engineer, John Garner, dated March 23, 2020, which states that "[t]he subfloor is a diagonally laid planking, and it appears to be in reasonably good condition. There is no obvious reason to remove and replace this decking, as the sections checked remain in reasonably good shape." *See* ECF No. [18-1] at 6. In addition, the Report provides further that

> Assertions had been made that the subfloor beneath the hardwood covering was damaged by water contact, and that it would need to be replaced. The inspection of the crawl space revealed that the subfloor consists of diagonal planks, and there was no sign of damage to these. The subfloor is not sagging, warped, or otherwise deteriorated, and there is clearly no damage to it that resulted from the event.
> . . .
> "[T]he floor was not structurally damaged by the event. The subfloor may be cleaned, treated, and retained.

*Id*. at 7-8, 9. In addition, on March 24, 2020, Wright issued a Partial Denial of Claim, stating in pertinent part that

> The report from G&A Engineering [] indicates the subfloor consists of diagonal planks, and there was no sign of damage to the wood planks. The subfloor is not sagging[,] warped or otherwise deteriorated and there is clearly no damage to them, which resulted from the event. . . . Based on the information we have received we must respectfully deny your request for additional damage referencing the subflooring.

ECF No. [18-3] at 1.

Moreover, in a supplement provided by Mr. Garner dated April 2, 2020, he reiterates specifically with respect to the subfloor, that "[i]t remains my opinion that it is not necessary to remove the subfloor here in order to return the building to its pre-flood condition." ECF No. [18-2] at 2. The Engineering Report and Partial Denial Letter, which are dated after the estimate upon which Plaintiff relies, were provided to Plaintiff on March 24, 2020. *See* ECF No. [18-4] at 1. As such, Plaintiff was on notice for over one year that Wright would be contesting coverage for the alleged damage to the subfloor of the residence. Therefore, Plaintiff fails to demonstrate that she was diligent and that the delay in seeking to engage an engineer and to conduct necessary discovery with respect to the condition of the subfloor resulted from excusable neglect.

Notably, Plaintiff has not asserted that Defendant failed to properly disclose Mr. Garner as an expert, or that Defendant disclosed for the first time at mediation any materials that otherwise should have been produced in discovery. Defendant represents that it disclosed its entire claim file, which included the documents attached to its Response, with its Rule 26 disclosures in March 2021, over six months before the discovery deadline. Accordingly, Plaintiff's eleventh-hour assertion that she only learned at mediation that Wright is contesting coverage for any alleged

Case No. 20-cv-62637-BLOOM/Valle

damage to the subfloor is not supported by the record. Plaintiff therefore fails to show good cause for the requested extension of the deadlines in this case.

As a result, it is **ORDERED AND ADJUDGED** that the Motion, **ECF No. [16]**, is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on October 26, 2021.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record